IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| William C. Meredith Company, Inc., ) | |
| ) | BANKRUPTCY CASE 14-57671 |
| Debtor. ) | |

### DEBTOR'S MOTION FOR AN ORDER ESTABLISHING BAR DATES

The above-captioned Debtor hereby moves the Court pursuant to this motion (the "Motion") for entry of an order establishing a bar date for creditors to file proofs of claim in this Chapter 11 case. In support of this Motion the Debtor, through its undersigned attorney, respectfully states as follows:

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 501, 502, 503 and 1111(a) of the Bankruptcy Code; 11 U.S.C. §§101-1532 (the "Bankruptcy Code"); Rules 2002(a)(7), 3003(c) and 5005(a) of the Federal Rules of Civil Procedure (the "Bankruptcy Rules").

### Background

4.     On April 17, 2014 (the "Commencement Date"), the Debtor filed a Petition with the Court under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this

3774-1

Chapter 11 case, and no committee has been appointed or designated as of this date.

5.     The Debtor was created in 1921 and incorporated in 1927, and has its principal assets and place of business in the County of Fulton, Georgia. Meredith operates as a treatment facility which treats utility poles with a chemical process to preserve the wood in Fulton County Georgia. Meredith provides this service for utility companies throughout the eastern United States. Operationally, the Debtor has built a strong company with a good reputation through the industry, primarily achieved by a good, hard-working team. Meredith owns the real property located at the facility, rolling stock, and equipment of substantial value.

6.     The Debtor filed this Chapter 11 case in order to effectuate a proposed restructuring that will substantially reduce or eliminate its debt and enhance the Debtor's liquidity, as well as solidify the Debtor's growth prospects and operating potential by resolving several lawsuits filed in the Superior Court of Fulton County related to a claim of nuisance, among other causes of action, arising from the Debtor's operation. The Debtor hopes to resolve the litigation claims currently pending and emerge from bankruptcy quickly and to maintain a viable and competitive business going forward. Currently the Debtor has a significant contract with A. Meredith Schneider Company, Inc. that it has been performing under and will continue to perform under for the foreseeable future.

### Relief Requested

7.     By this Motion the Debtor respectfully requests the entry of an order establishing bar dates for creditors to file proofs of claim in this Chapter 11 case with notice of such bar dates for creditors to file proofs of claim as follows:

    a.     except as otherwise stated in subparagraph (b), (c)and (d) below establishing the deadline for all entities (as defined in Section 101(15) of the Bankruptcy Code) (each, an "Entity") holding or wishing to assert a claim (as defined in Section 101(5) of the Bankruptcy Code) that arose prior to the

3774-1

Commencement Date against the Debtor (collectively, the "Claims" and the holders of such Claims, collectively, the "Creditors") to file a proof of such Claim in this Chapter 11 case as of July 18, 2014 (the "General Bar Date");

b.  establishing the later of the General Bar Date and 30 days after a claimant is served with notice that the Debtors have amended their statements of financial affairs and schedules of assets and liabilities, current income and expenditures and executory contracts and unexpired leases as required by Section 521 of the Bankruptcy Code (collectively the "Schedules"), reducing, deleting or changing the status of a Claim in the Schedules as the bar date for filing a proof of claim with respect to such Claim (the "Amended Schedule Bar Date");

c.  except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, establishing the latest of: (I) the General Bar Date; (ii) 30 days after the date of the entry of any order authorizing the rejection of an executory contract or unexpired lease; and (iii) 30 days after the effective date of the rejection of such executory contract or unexpired lease as the bar date by which a proof of claim relating to the Debtor's rejection of such contract or lease must be filed (the "Rejection Bar Date").

## Basis for Relief

8.  The Debtor respectfully submits the General Bar Date is necessary to facilitate the fair and efficient reorganization of its Estate.

9.  It is well recognized the claims bar date plays an essential role in the twin goals of bankruptcy- i.e., preserving going concerns and maximizing property available to satisfy creditors. See Bank of Am.Nat'l Trust and Savs. Assoc. v. 203 N. LaSalle P'ship, 526 U.S. 434,453 (1999); In re Nat'l Spa & Pool Institute, 257 B.R. 784, 788 (Bankr. E.D. Va. 2001)(Mayer, J.) ("The objection of reorganization under chapter 11 is to pay creditors while preserving the economic value of the debtor."). The claims bar date allows the debtor and parties-in-interest to expeditiously determine and evaluate the liabilities of the estate and develop a sound plan of reorganization. Prolonged uncertainty regarding claims would delay and potentially derail this process:

> A claims bar date in a chapter 11 case serves an important function of promoting efficient and expeditious administration of the case. Without a final claims

3774-1

deadline, participants in the reorganization process would be hindered by undue caution in their negotiations and in voting on the plan.

Inre Intelligent Med. Imaging.Inc.. 262 B.R. 142, 146 (Bankr. S.D. Fla. 2001) (internal quotations marks omitted); see also US Airways. 2005 WL 3676186 at *2 ("An important function of the bankruptcy law is to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate.") (quoting Chemetron Corp. v. Jones, 72 F. 3d 341, 346 (3d Cir. 1995)).

10.     The General Bar Date provides creditors more than 90 days from the Commencement Date in which to file proofs of claim and as the Debtor has filed its Schedules, the information in such Schedules should be available to creditors or other parties-in-interest. Hence this should allow such parties ample time to review the Schedules and determine whether or not they need to file a proof of claim or attend the Section 341 Meeting of Creditors.

11.     The Bar Dates would apply to Claims held or to be asserted against the Debtor (whether secured or unsecured, priority or nonpriority, contingent or noncontingent, liquidated or unliquidated or disputed or undisputed), including the following:

    a.     any Claim that is listed in the Schedules as "contingent", "unliquidated", "disputed", or any combination thereof if the holder of such Claim desires to participate in this Chapter 11 case or share in any distribution in this Chapter 11 case on account of such Claim;

    b.     any claim that is improperly classified in the Schedules or is listed in an incorrect amount if the holder of such Claim desires to have such Claim allowed in a classification or amount other than as set forth in the Schedules;

    c.     any Claim against a Debtor that is not listed in the applicable Schedules; and

    d.     any Claim that is allowable under Section 503(b)(9)of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case.

12.     The Debtor further proposes that at present, proofs of claim need not be filed by

3774-1

any Entity holding or wishing to assert Claims against the Debtor of the types set forth in clauses (a) through (d) below:

    a.    any Claims listed in the Debtor's Schedules or any amendments thereto, which are not therein listed as "contingent", "unliquidated", "disputed" or any combination thereof and which are not disputed by the Creditor holding such Claim as to nature, amount or classification;

    b.    any Claims for which a proof of claim has already been filed with the Court;

    c.    any Claims previously allowed by, or paid pursuant to, an order of the Court;

    d.    any Claims allowable under Sections 503(b) and 507(a)(l) of the Bankruptcy Code as administrative expenses of the Debtor's Chapter 11 case with the exception of Claims allowable under Section 503(b)(9) of the Bankruptcy Code, which shall be handled *as* provided above.

13.    Section 503(b)(9) of the Bankruptcy Code does not set a date by which such claims must be asserted. The Debtor submits that Claims arising under Section 503(b)(9) are pre-petition claims and are therefore subject to General Bar Date without further order from the Court. Out of an abundance of caution, the Debtor also seeks specific authority to set the General Bar Date as the bar date for creditors to assert Section 503(b)(9) claims. Morever, approval of the Bar Dates and related procedures with respect to Claims under Section 503(b)(9) would, among other things, permit an expeditious determination of such Claims and, therefore, assist the Debtor with formulating its Chapter 11 Plan. As such, the Debtor respectfully requests that the Bar Dates apply to, among others, a Claim under Section 503(b)(9) of the Bankruptcy Code.

14.    The Debtor shall retain the right to: (a) dispute and assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, classification or otherwise of such Claim; and (b) subsequently designate any Claim as

3774-1

contingent, unliquidated, disputed or any combination thereof.

15. If the Debtor amends the Schedules to reduce the noncontingent, liquidated or disputed amounts or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected Creditor shall have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim.

16. The Debtor anticipates that certain Creditors may assert Claims in connection with a Debtor's rejection of executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code. The Debtor proposes that, for any Claim relating to a Debtor's rejection of an executory contract or unexpired lease that is approved by an order of the Court, unless otherwise stated in such order, the bar date for filing any such Claim shall be the Rejection Bar Date. The Debtor believes that the Rejection Bar Date is appropriate because it provides Creditors with sufficient time, at least 30 days, to determine whether any Claims stemming from the rejection of an executory contract or unexpired lease exist.

17. Finally, the Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any Creditor that is required to file a proof of claim in this Chapter 11 case but that fails to do so in a timely manner should be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtor that such Creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in this Chapter 11 case in respect of an Unscheduled Claim; and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

3774-1

WHEREFORE, for the reasons set forth herein the Debtor respectfully requests that the Court enter an order which order the undersigned attorney is prepared to present to the Court establishing Bar Dates for Creditors to file Proof of Claim forms in this Chapter 11 case and granting such other and further relief as is just and proper.

Respectfully submitted this the 2nd day of May 2014

/s/ Philip L. Pleska
Philip L. Pleska (Georgia Bar # 581850)
Counsel for Debtor

2550 Heritage Court, S.E., Suite 200
Atlanta, GA 30339
770-952-8448
phil@pleska.com

/s/ Lee R. Benton
Lee R. Benton (ASB-8421-E63L)
(Pro Hac Vice Application Pending)

Benton & Centeno, LLP
2019 3rd Avenue North
Birmingham, Alabama 35203
205-278-8000
lbenton@bcattys.com

3774-1